**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUGLIELMO PASQUALE, | No. 11-73120 |
| Petitioner, | Agency No. A030-954-386 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2015
San Francisco, California

Before:     THOMAS, Chief Judge, and McKEOWN and W. FLETCHER,
            Circuit Judges.

Guglielmo Pasquale, a native and citizen of Italy, petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(I.J.) denial of his application for cancellation of removal.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pursuant to 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition for review.

Pasquale, a lawful permanent resident of the United States, was placed into removal proceedings in 2003. Despite an extensive criminal record, he was granted cancellation of removal in 2006. The Department of Homeland Security (DHS) appealed, and while its appeal was pending, Pasquale was convicted of additional crimes. The BIA granted DHS's motion to remand the case to the I.J., who found Pasquale ineligible for cancellation of removal on the basis of one of the new convictions, which she concluded was an aggravated felony. The BIA disagreed, holding that the crime was not an aggravated felony, but remanded Pasquale's case to the I.J. in 2010 to determine whether he remained entitled to cancellation of removal as a matter of discretion. The I.J. concluded that he did not and ordered him removed. The BIA affirmed.

Pasquale argues that the BIA's 2010 remand order was improper. First, he argues that the BIA violated his Fifth Amendment due process rights by remanding to the I.J. in 2010. "A due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v.*

2

*Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (internal quotation marks omitted). Here, Pasquale was afforded the opportunity to "reasonably present[] his case": he was able to put on evidence and argue before the I.J. that he merited cancellation of removal in spite of his criminal record. There was no due process violation.

Pasquale next argues that the BIA erred by remanding his case without being asked to do so. But Pasquale can identify no regulation that prevents the BIA from issuing a *sua sponte* remand. Even if the BIA is limited to adjudicating "questions before it," 8 C.F.R. § 1003.1(d)(1), a question we need not decide, the BIA could reasonably have concluded in this case that Pasquale's eligibility for cancellation of removal — as a matter of law *and* as a matter of discretion — was "before it" in 2010. Construed as an argument that the BIA erred by reaching an issue that DHS had waived, Pasquale's claim likewise fails. Even in the federal courts, questions of waiver are "left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (plurality opinion). Therefore, even if we could review the BIA's decision for abuse of discretion, we would find no abuse of discretion on these facts.

Pasquale argues, in the alternative, that the I.J. and BIA erred by ignoring evidence of his community service in denying his application for cancellation of removal. We disagree. The I.J. did not err by not explicitly referring to the fact

3

that Pasquale once testified as a state's witness. *See Vilchez*, 682 F.3d at 1201 ("An IJ does not have to write an exegesis on every contention." (internal quotation marks omitted)). We lack jurisdiction to review the I.J.'s discretionary decision to deny cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i).

**PETITION DENIED IN PART, DISMISSED IN PART.**